**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAMPAIGN FOR ACCOUNTABILITY,<br>611 Pennsylvania Avenue SE, #337<br>Washington, DC 20003<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 18-cv-783<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.      Plaintiff Campaign for Accountability brings this action against the U.S. Environmental Protection Agency under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Campaign for Accountability is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining

the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff Campaign for Accountability (CfA) is a nonpartisan organization primarily engaged in disseminating information to the public. CfA uses research, litigation and communications to expose misconduct and malfeasance in public life. Through research and FOIA requests, CfA uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government, local and state governments and other public actors through reports, press releases, and other media.

6.      Defendant the U.S. Environmental Protection Agency (EPA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. EPA has possession, custody, and control of the records that CfA seeks.

## STATEMENT OF FACTS

7.      On February 16, 2018, CfA submitted two FOIA requests to EPA.

8.      The first request ("Headquarters FOIA") was sent to EPA headquarters,[1] and sought the following records:

> (1) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) between any employee of the Office of the Administrator, including but not limited to Administrator Pruitt, and any employee or representative of the Oklahoma Attorney General's Office, *including but not limited to*, anyone whose email address ends in "@oag.ok.gov".

---

[1] CfA submitted the Headquarters FOIA by email on February 16, 2018. On February 22, 2018, EPA informed CfA that it had not received the Headquarters FOIA, so CfA resubmitted it via the FOIAOnline portal that same day.

(2) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) between any employee of the Office of the Administrator, including but not limited to Administrator Pruitt, and any employee or representative of the following news organizations regarding the Tar Creek superfund cleanup site in northeastern Oklahoma:
    a. The Oklahoman aka NewsOK
    b. Tulsa World
    c. E&E News
    d. Politico

(3) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) to, from, or between any employee of the Office of the Administrator, including but not limited to Administrator Pruitt, that contain the following search terms:
    a. "Tar Creek"
    b. "LICRAT"
    c. "State Auditor"
    d. "Gary Jones"
    e. "Mike Hunter"

CfA sought all responsive records from July 1, 2017, to the date of the search. A copy of the Headquarters FOIA request is attached hereto as Exhibit A and incorporated herein.

9.    EPA assigned the Headquarters FOIA tracking number EPA-HQ-2018-004746.

10.    CfA has received no further communications from EPA regarding the Headquarters FOIA request.

11.    The second request was sent only to Region 6 ("Region 6 FOIA") and sought the following records:

(1) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) to, from, or between EPA Region 6 employees Susan Chandler or Ursula Lennox, that contain the following search terms:

    a.  "Tar Creek"
    b.  "LICRAT"
    c.  "State Auditor"
    d.  "Gary Jones"
    e.  "Scott Pruitt"
    f.  "Mark Osborn"
    g.  "Jack Dalrymple"
    h.  "Andy Lester"
    i.  "CWF Enterprises"

CfA sought all responsive records from January 1, 2012, to December 31, 2013. A copy of the Region 6 FOIA request is attached hereto as Exhibit B and incorporated herein.

12.    EPA assigned the Region 6 FOIA request tracking number EPA-R6-2018-004512.

13.    On a telephone call on March 7, 2018, EPA informed CfA that Susan Chandler was an employee in the EPA Office of the Inspector General (OIG), and so the portion of the Region 6 request that sought her communications had been referred to OIG for processing.

14.    CfA has received no further communications from EPA regarding the OIG portion of the Region 6 FOIA request.

15.    Also on the March 7, 2018 telephone call, CfA agreed to modify the remaining portion of the Region 6 request to the following:

(1) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) to, from, or between EPA Region 6 employees Ursula Lennox and James Costello, that contain the following search terms:
    a.  "State Auditor"
    b.  "Gary Jones"
    c.  "Scott Pruitt"
    d.  "Jack Dalrymple"
    e.  "Susan Chandler"

16.     CfA and EPA agreed to a production schedule for records responsive to the Region 6 portion of the Region 6 FOIA request, wherein EPA would provide rolling responses every 30 days beginning on April 19, 2018, with an expected completion date of December 31, 2018. A copy of the email memorializing this conversation is attached hereto as Exhibit C and incorporated herein.

*Exhaustion of Administrative Remedies*

17.     As of the date of this complaint, EPA has failed to (a) notify CfA of any determination regarding the Headquarters FOIA request or the OIG portion of the Region 6 FOIA request, including the scope of any responsive records EPA intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

18.     Through EPA's failure to respond to the Headquarters FOIA request or the OIG portion of the Region 6 FOIA request within the time period required by law, CfA has constructively exhausted its administrative remedies and seeks immediate judicial review.

### COUNT I
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

19.     CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

20.     CfA properly requested records within the possession, custody, and control of EPA.

21.     EPA is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

22.     EPA has failed to promptly review agency records for the purpose of locating those records which are responsive to the Headquarters FOIA request and the OIG portion of the Region 6 FOIA request.

23.     EPA's failure to conduct adequate searches for responsive records violates FOIA.

24.     Plaintiff CfA is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to the Headquarters FOIA request and the OIG portion of the Region 6 FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

25.     CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26.     CfA properly requested records within the possession, custody, and control of EPA.

27.     EPA is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

28.     EPA is wrongfully withholding non-exempt agency records requested by CfA by failing to produce non-exempt records responsive to the Headquarters FOIA request and the OIG portion of the Region 6 FOIA request.

29.     EPA is wrongfully withholding non-exempt agency records requested by CfA by failing to segregate exempt information in otherwise non-exempt records responsive to the Headquarters FOIA request and the OIG portion of the Region 6 FOIA request.

30.     EPA's failure to provide all non-exempt responsive records violates FOIA.

31.     Plaintiff CfA is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to the Headquarters FOIA request and the OIG portion of the Region 6 FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, CfA respectfully requests the Court to:

(1) Order Defendant to conduct searches reasonably calculated to uncover all records responsive to the Headquarters FOIA request and the OIG portion of the Region 6 FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the Headquarters FOIA request and the OIG portion of the Region 6 FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the Headquarters FOIA request and the OIG portion of the Region 6 FOIA request;

(4) Award CfA the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant CfA such other relief as the Court deems just and proper.

Dated: April 5, 2018

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

*/s/ Austin R. Evers*
Austin R. Evers
D.C. Bar No. 1006999

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
john.bies@americanoversight.org
austin.evers@americanoversight.org

*Counsel for Plaintiff Campaign for*
*Accountability*