# Exhibit A



February 16, 2018

**VIA EMAIL:** hq.foia@epa.gov

Records, FOIA, and Privacy Branch
Office of Environmental Information
Environmental Protection Agency
1200 Pennsylvania Avenue NW (2822T)
Washington, D.C.  20460

      Re: **Freedom of Information Act Request**

Dear Freedom of Information Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* and the implementing regulations of the Environmental Protection Agency ("EPA"), 40 C.F.R. Part 2, Campaign for Accountability makes the following request for records.

**Requested Records**

Campaign for Accountability requests that EPA produce the following within 20 business days:

1) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) between any employee of the Office of the Administrator, including but not limited to Administrator Pruitt, and any employee or representative of the Oklahoma Attorney General's Office, *including but not limited to*, anyone whose email address ends in "@oag.ok.gov".
2) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) between any employee of the Office of the Administrator, including but not limited to Administrator Pruitt, and any employee or representative of the following news organizations regarding the Tar Creek superfund cleanup site in northeastern Oklahoma:
   a) *The Oklahoman* aka *NewsOK*
   b) *Tulsa World*
   c) *E&E News*
   d) *Politico*
3) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) to, from, or between any employee of the Office of the Administrator, including but not limited to Administrator Pruitt, that contain the following search terms:

Freedom of Information Act Coordinator
February 16, 2018
Page 2

    a) "Tar Creek"
    b) "LICRAT"
    c) "State Auditor"
    d) "Gary Jones"
    e) "Mike Hunter"

Please provide all responsive records from July 1, 2017 to the date the search is conducted.

In addition to the records requested above, Campaign for Accountability also requests records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

## Background

By way of background, in 2011, as Oklahoma Attorney General, Mr. Pruitt asked the Oklahoma State Auditor and Inspector to investigate certain contracting practices of the Lead-Impacted Communities Relocation Trust ("LICRAT"), an Oklahoma state agency created to buy out homeowners affected by a superfund cleanup site in northeastern Oklahoma.[1] In 2015, the State Auditor asked Mr. Pruitt to release the Auditor's report regarding LICRT.[2] Mr. Pruitt denied the request.

In August 2017, Mr. Pruitt's successor, Oklahoma Attorney General Mike Hunter, followed Mr. Pruitt's lead and again denied a request from the State Auditor to release the LICRAT audit.[3] On November 9, 2017, CfA asked the auditor's office for the records, following the unsuccessful efforts of *E&E News* to obtain them.[4] In response, the Auditor explained that he wanted to release the records, but had been instructed not to do so by the AG's office. CfA filed a request for the records directly with the AG's office, which denied the request.

On November 27, 2017, CfA filed a lawsuit in the District Court of Oklahoma County against Oklahoma Attorney General Mike Hunter and Oklahoma State Auditor and Inspector Gary Jones for failing to release copies of audits and documents related to corruption allegations associated with the management of the Tar Creek Reclamation site in the state.[5]

---

[1] https://campaignforaccountability.org/work/cfa-lawsuit-against-oklahoma-officials-for-failing-to-release-documents-withheld-by-scott-pruitt/.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] https://campaignforaccountability.org/cfa-sues-oklahoma-officials-for-failing-to-release-documents-withheld-by-scott-pruitt/.

Freedom of Information Act Coordinator
February 16, 2018
Page 3

On January 17, 2018, the Oklahoma Attorney General's Office filed a motion to dismiss CfA's lawsuit.[6] A hearing is scheduled for February 23, 2018.

In addition to legal filings, several news organizations have covered the lawsuit. On December 6, *Politico* published a story about the audit in which Mr. Pruitt defended his refusal to release the audit.[7] On February 2, 2018, *The Oklahoman* published an article in which Ryan Jackson, chief of staff at the EPA,[8] also defended Pruitt's refusal to release the audit.[9]

Mr. Pruitt is now the head of the EPA where he oversees the agency's Superfund cleanup program. Notably, on February 10, 2018, the *Tulsa World* obtained a copy of a 2013 EPA Inspector General report that concluded there were "no law violations related to the handling of a contract to dismantle and remove buildings in the Tar Creek Superfund site."[10]

## Fulfilling This Request

Campaign for Accountability seeks all responsive records regardless of format, medium, or physical characteristics. In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voice mail messages and transcripts, notes, or minutes of any meetings, telephone conversations or discussions. Our request includes any attachments to these records. **No category of material should be omitted from search, collection, and production.**

Please search all records regarding agency business. **You may not exclude searches of files or emails in the personal custody of your officials, such as personal email accounts.** Records of official business conducted using unofficial systems or stored outside of official files is subject to the Federal Records Act and FOIA.[11] **It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; Campaign for Accountability has a right to records contained in those files even if**

---

[6] https://campaignforaccountability.org/work/cfa-lawsuit-against-oklahoma-officials-for-failing-to-release-documents-withheld-by-scott-pruitt/.
[7] Malcolm Burnley, The Environmental Scandal in Scott Pruitt's Backyard, *Politico,* December 6, 2017, *available at* https://www.politico.com/magazine/story/2017/12/06/scott-pruitt-tar-creek-oklahoma-investigation-215854.
[8] https://www.epa.gov/aboutepa/epas-chief-staff.
[9] Justin Wingerter, Scott Pruitt Revealed Findings of Tar Creek Investigation to Subjects of the Investigation, *The Oklahoman*, February 2, 2018, *available at* http://newsok.com/scott-pruitt-revealed-findings-of-tar-creek-investigation-to-subjects-of-the-investigation/article/5581922.
[10] Randy Krehbiel, 2013 EPA Investigation Found no Wrong-doing by Tar Creek Trust, *Tulsa World*, February 10, 2018, a*vailable at* http://www.tulsaworld.com/homepagelatest/epa-investigation-found-no-wrong-doing-by-tar-creek-trust/article_ae02def8-ffc0-558e-9d93-c427d2fc0c31.html.
[11] See *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); cf. *Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).

Freedom of Information Act Coordinator
February 16, 2018
Page 4

**material has not yet been moved to official systems or if officials have, through negligence or willfulness, failed to meet their obligations.**[12]

In addition, please note that in conducting a "reasonable search" as required by law, you must employ the most up-to-date technologies and tools available, in addition to searches by individual custodians likely to have responsive information. Recent technology may have rendered DOT's prior FOIA practices unreasonable. **In light of the government-wide requirements to manage information electronically by the end of 2016, it is no longer reasonable to rely exclusively on custodian-driven searches.**[13] Furthermore, agencies that have adopted the National Archives and Records Agency (NARA) Capstone program, or similar policies, now maintain emails in a form that is reasonably likely to be more complete than individual custodians' files. For example, a custodian may have deleted a responsive email from his or her email program, but DOT's archiving tools would capture that email under Capstone. Accordingly, Campaign for Accountability insists that DOT use the most up-to-date technologies to search for responsive information and take steps to ensure that the most complete repositories of information are searched. Campaign for Accountability is available to work with you to craft appropriate search terms. **However, custodian searches are still required; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.**

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure, withholding information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law."[14] If it is your position that any portion of the requested records is exempt from disclosure, Campaign for Accountability requests that you provide an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."[15] Moreover, the Vaughn index "must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information."[16] Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a

---

[12] See *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016) ("The Government argues that because the agency had a policy requiring [the official] to forward all of his emails from his [personal] account to his business email, the [personal] account only contains duplicate agency records at best. Therefore, the Government claims that any hypothetical deletion of the [personal account] emails would still leave a copy of those records intact in [the official's] work email. However, policies are rarely followed to perfection by anyone. At this stage of the case, the Court cannot assume that each and every work-related email in the [personal] account was duplicated in [the official's] work email account." (citations omitted)).
[13] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidentialmemorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.
[14] FOIA Improvement Act of 2016 § 2 (Pub. L. No. 114–185).
[15] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).
[16] *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis in original).

Freedom of Information Act Coordinator
February 16, 2018
Page 5

particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"[17]

In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document.[18] Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

**You should institute a preservation hold on information responsive to this request.**
Campaign for Accountability intends to pursue all legal avenues to enforce its right of access under FOIA, including litigation if necessary. Accordingly, DOT is on notice that litigation is reasonably foreseeable.

To ensure that this request is properly construed, that searches are conducted in an adequate but efficient manner, and that extraneous costs are not incurred, Campaign for Accountability welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, Campaign for Accountability and DOT can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in electronic format by email or in PDF or TIF format on a USB drive. Please send any responsive material being sent by mail to Campaign for Accountability, 611 Pennsylvania Ave., SE, # 337, Washington, DC 20003.

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and 40 C.F.R. § 2.107(1), Campaign for Accountability requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes.

Campaign for Accountability requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."[19] The disclosure of information sought under this request will document and reveal the operations of the federal government, including to whom top administration officials are communicating with and the means used for

---
[17] *Id.* at 224 (citing *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).
[18] *Mead Data Central*, 566 F.2d at 261
[19] 40 C.F.R. § 2.107(l)(1), (2)(i)-(iv).

Freedom of Information Act Coordinator
February 16, 2018
Page 6

these communications. Taxpayers deserve to know whether top administration officials are using transparent means of communication while conducting official business. Additionally, taxpayers deserve to know if top administration officials are in contact with anyone who may be paying them to do work that is not in the public interest.

This request is primarily and fundamentally for non-commercial purposes.[20] As a 501(c)(3) nonprofit, Campaign for Accountability does not have a commercial purpose and the release of the information requested is not in Campaign for Accountability's financial interest. Campaign for Accountability's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. Campaign for Accountability uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media.[21] Accordingly, Campaign for Accountability qualifies for a fee waiver.

## Conclusion

Campaign for Accountability looks forward to working with you on this request. If our request for a fee waiver is not granted, if you have any questions about this request, or foresee any problems in fully releasing the requested records within FOIA's deadlines, please contact me at dstevens@campaignforaccountability.org or (202) 780-5750.

Thank you for your assistance.

Sincerely,

Daniel E. Stevens
Executive Director

---

[20] 40 C.F.R. § 2.107(l)(1), (3)(i)-(ii).
[21] https://campaignforaccountability.org.